IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICKY THOMAS, | x |
| | : |
| Plaintiff, | |
| | : Civil Action File No. |
| vs. | 1:14-cv- |
| | : |
| SHAMROCK CARTAGE, INC. | |
| and JEREMY SCOTT, | : |
| | |
| Defendants. | : |

-------------------------------------------------x

## COMPLAINT

Plaintiff, Ricky Thomas, by and through his counsel of record, Robert N. Marx of Marx & Marx, L.L.C., as and for his Complaint, respectfully alleges as follows:

PARTIES

1.

Plaintiff, Ricky Thomas, (hereinafter "Plaintiff" or "Mr. Thomas") is a natural born United States citizen residing within the Northern District of Georgia.

2.

On information and belief, Defendant, Shamrock Cartage, Inc. (hereinafter "Defendant Shamrock" or "Shamrock") is an Illinois corporation doing business in the Northern District of Georgia.

1

3.

Despite the fact that Defendant Shamrock is currently doing business in Georgia, said Defendant has failed to file an appropriate registration with the Georgia Secretary of State, which filing, *inter alia*, would identify an individual to receive service of process on behalf of said Defendant.

4

Accordingly, on information and belief, service upon Defendant Shamrock may be made by service upon Defendant Jeremy Scott, who on information and belief is Defendant Shamrock's supervisor at is Georgia location, at 3370 Panthersville Road, Decatur, Georgia.

5.

On information and belief, Defendant, Jeremy Scott ("Defendant Scott" or "Mr. Scott") is a natural born person residing in the Northern District of Georgia.

6.

On information and belief, Jeremy Scott may be served at his place of business, 3370 Panthersville Road, Decatur, Georgia.

## JURISDICTION

7.

The jurisdiction of this Court is invoked pursuant to §216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), as well as by 28 U.S.C. §§1331.

## JURISDICTIONAL ALLEGATIONS

8.

Defendant Shamrock is engaged in commerce as defined under the Fair Labor Standards Act ("FLSA") at 29 U.S.C.§203(b) and was so engaged during the time of Plaintiff's employment.

9.

On information and belief, Defendant Shamrock is an "enterprise engaged in commerce or in the productions of goods or services for commerce" as defined in 29 U.S.C. §§203(r) and (s). On information and belief, at all relevant times Defendant Shamrock had an annual business dollar volume of at least $500,000.

10.

On information and belief at all relevant times Defendant Shamrock had two or more employees of its enterprise individually engaged in commerce or who otherwise individually meet the traditional test of coverage.

11.

Plaintiff was individually covered by the FLSA as he utilized the instrumentalities of commerce while he performed his job duties for Defendant Shamrock.

12.

At all relevant times and continuing, Defendant Jeremy Scott was and remains an employer as defined by the FLSA at 29 U.S.C. §203(d) in that Mr. Scott acted "directly or indirectly in the interest of an employer in relation to an employee."

## VENUE

13.

Venue is appropriate pursuant to 28 U.S.C. §1391 in that the Northern District of Georgia is the judicial district in which a substantial part of the events giving rise to this claim occurred.

## NATURE OF THIS ACTION

14.

This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et seq*. to recover unpaid overtime compensation, liquidated damages, attorneys' fees and costs.

FACTS

15.

Plaintiff, Ricky Thomas was employed by Defendants from in or about December 2012 to on or about September 2, 2013.

16.

Mr. Thomas was employed as a local truck driver. Mr. Thomas did not supervise any employees at any time.

17.

Throughout the time that Mr. Thomas was employed by Defendants, he regularly worked in excess of forty (40) hours per week.

18.

Despite the fact that Mr. Thomas more than forty (40) hours per week on a regular basis, Defendants did not pay Mr. Thomas overtime pay for any of that overtime.

<u>FIRST CAUSE OF ACTION</u>
<u>Violation of 29 U.S.C.§216(b)</u>
<u>(Fair Labor Standards Act [FLSA])</u>
<u>(Failure to Pay Overtime)</u>

19.

Plaintiff incorporates the allegations of ¶¶1 – 18 to the same force and effect as if pled herein.

20.

Defendants repeatedly and willfully violated the provisions of §§7 and 15(a)(2) of the FLSA, 29 U.S.C. §§207 and 215(a)(2), by employing individuals, including Plaintiff, engaged in commerce, for work weeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

21.

Plaintiff was regularly compelled to work more than 40 hours per week but was not paid overtime compensation as required under the FLSA.

22.

Plaintiff was not an exempt employee under the FLSA.

23.

Defendants' violations of the overtime pay requirements set forth in the FLSA were systematic, voluntary and willful.

24.

Defendants owe Plaintiff overtime pay for work performed but not compensated in an amount to be determined in this action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

**SECOND CAUSE OF ACTION**
Violation of 29 U.S.C.§§211(c),
215(a)(5) and 29 CFR §516)
(Fair Labor Standards Act [FLSA])
(Failure to Maintain Time Records)

25.

Plaintiffs incorporate the allegations of ¶¶1 – 24 to the same force and effect as if pled herein.

26.

Within the preceding four years, Defendants, as employers subject to the provisions of the FLSA, repeatedly violated the provisions of §§11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§211(c) and 215(a)(5) and the Department of Labor Regulations at 29 CFR §516, by failing to make, keep and preserve adequate and accurate records of the persons employed, and of the wages, hours and other conditions and practices of employment maintained by them.

27.

Plaintiff is entitled to relief shifting the burden of proof to the Defendants with regard to the amount of overtime worked due to the violations of §§11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§211(c) and 215(a)(5) and the Department of Labor Regulations at 29 CFR §516.

REQUEST FOR RELIEF

WHEREFORE Plaintiff requests that this Court:

(a) Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207 and FLSA §6, 29 U.S.C. §206; liquidated damages, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees as provided under FLSA §16, 29 U.S.C. §216; and all other remedies allowed under the FLSA;

(b) Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207 and FLSA §6, 29 U.S.C. §206; liquidated damages, and pre-judgment interest on unpaid wages for willful violation of the FLSA;

(c) Grant declaratory judgment declaring that Plaintiff's rights have been violated; and

(d) Award Plaintiff such further and additional relief as may be just and appropriate; and

(e) Plaintiff demands TRIAL BY JURY.

This 25th day of July 2014.

                                                s/ROBERT N. MARX
Robert N. Marx, Esq.
Georgia Bar No. 475280
Jean Simonoff Marx, Esq.
Georgia Bar No. 475276
Marx & Marx, L.L.C.
5555 Glenridge Connector
Suite 200

8

Atlanta, Georgia 30342
Telephone: (404) 261-9559
lawyers@marxlaw.com
Attorneys for Plaintiff